THE CEDAR LAKE SOUTHERN SHORE ASSOCIATION, INC., ET AL.
v. ZONING COMMISSION, TOWN OF WOLCOTT, ET AL.

COURT OF COMMON PLEAS     HARTFORD COUNTY     FILE NO. 48453

Memorandum filed June 30, 1948.

*Arnold M. Sweig,* of Plainville, for the Plaintiff.

*Finton J. Phelan,* of Waterbury, and *James J. Shea,* of Hartford, for the Defendant.

DEVLIN, J.   On April 13, 1948, the zoning commission of the town of Wolcott held a hearing on the application of Philip C. Cahill of Wethersfield, Connecticut, for permission to establish and operate a "Drive In" theater on Route 69 near Cedar Lake, said permit to include refreshment stands.   At the conclusion of the hearing the commission voted unanimously to grant the permit.   This is an appeal by property owners in the immediate vicinity objecting to the grant.

The zoning regulations for the town of Wolcott were enacted under chapter 29 of the General Statutes and became effective on May 7, 1942.   The structural setup of chapter 29 was completely changed by §§ 121i — 130i of the 1947 Supplement to the General Statutes.   Under this change (§ 121i), any town, city or borough by vote of its legislative body was given the right to adopt the new provisions and exercise through a zoning commission the powers granted thereunder.   It is admitted that the town of Wolcott has not adopted the new law.

Section 130i repeals the old zoning law under which the town of Wolcott adopted its act and the only remnants left are those enumerated in § 129i.   Under this latter section "all zoning regulations and zoning districts or boundaries heretofore legally adopted by any town, city or borough" under the general law "or any special act shall remain in full force and effect."   The effect of this section is to abolish the existing zoning commissions and boards of appeal, for it specifically limits the portions retained to the regulations, districts and boundaries. It further prohibits any changes or amendments to these unless the provisions of § 123i are followed.   This latter section gives the power to "such zoning commission," as distinguished from the "zoning authority or a committee thereof appointed for

that purpose," as provided in § 132e of the 1939 Cumulative Supplement. It also provides for the filing of the requested change in the office of the town clerk for public inspection at least 15 days before the meeting, changes the manner in which such changes or amendments may be made in towns governed by a town meeting, gives protest rights to owners of lots within 200 feet in any direction of the property included in the proposed change, and limits the time when any changes made shall be effective.

Under § 121i, the setup of the zoning commisssion is completely changed, dependent upon population in the case of towns and the legislative body in the case of cities and boroughs. As § 123i sets up new standards and requirements with respect to notice which are to be followed by the "zoning commission," it becomes apparent that action under this section is limited to those communities which have the type of "zoning commission" as required under § 121i.

Thus it would seem that the physical layout and regulations of the zoning commissions and boards of appeal operating under the general law prior to October 1, 1947, are retained, but any future changes or amendments must be in accordance with the new act, and where the provisions have not been adopted the status of zoning remains dormant and such towns, cities or boroughs are operating without a zoning commission and board of appeals.

In view of this conclusion it is not necessary to go into the other claims presented by the plaintiff.

The appeal is sutained and an order is hereby entered setting aside the action of the zoning commission.